## Stevenson *v.* Henning, Appellant.

*Judgment—Opening judgment—Principal and agent—Attorney and client—Two innocent parties rule.*

On a rule to open a judgment entered on a judgment note where it appears that the note was signed by the defendant, and that at the time she signed it, she executed as collateral security for its payment an assignment of a portion of a claim against her husband's estate, the defendant cannot be heard to say that she had no recollection of signing the note, and that if she did so, her signature was obtained by the fraud of her attorney, whom she had never authorized to borrow money for her.

In such a case if the defendant negligently or ignorantly placed in the hands of her attorney the means through which he secured from the plaintiff the amount represented in the judgment, she, although innocent of wrong, must bear the responsibility rather than an innocent party who acted in good faith, relying upon the plain and unmistakable contents of the instruments which she had supplied.

Argued April 9, 1907. Appeal, No 79, April T., 1907, by defendant, from order of C. P. No. 1, Allegheny Co., Dec. T.,

1905, No. 313, discharging rule to open judgment in case of M. H. Stevenson v. Cathrin Henning. Before RICE, P. J., HENDERSON, MORRISON, HEAD and BEAVER, JJ.    Affirmed.

Rule to open judgment.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court discharging rule to open judgment.

*R. L. Smith*, with him *Trimble & Chalfant*, for appellant.— The burden is one on the plaintiff to show the special agency of James H. Porte to make this loan: Philadelphia Trust Co. v. Roberts, 14 W. N. C. 123; Pepper v. Cairns, 133 Pa. 114; Rafferty v. Haldron, 81* Pa. 438; Sergeant v. Martin, 133 Pa. 122.

*J. H. Wise*, with him *W. E. Minor*, for appellee.—Where one of two innocent persons is to suffer from the tortious act of the third, he who gave the aggressor the means of doing the wrong, must also bear the consequences of the act: Bank of Kentucky v. Schuylkill Bank, 1 Parsons' Select Eq. Cases, 180; Burton's App., 93 Pa. 214; Shattuck v. American Cement Co., 205 Pa. 197; Penna. R. R. Co.'s App., 86 Pa. 80; Louchheim v. Somerset B. & L. Assn., 25 Pa. Superior Ct. 325.

OPINION BY BEAVER, J., October 7, 1907:

Upon November 10, 1905, judgment was entered upon a bill single, dated November 5, 1897, with warrant of attorney to confess judgment in favor of the plaintiff against the defendant. On March 1, 1906, a petition was presented by the defendant, asking for a rule to show cause why the judgment should not be opened and defendant let in to a defense. Among the grounds alleged in her petition for the opening of the judgment, it was averred: "That she has no knowledge or recollection of signing the note upon which judgment has been entered in this case and that, if she did sign same, her signature thereto was obtained by fraud and misrepresentation" by her attorney, J. H. Porte; "that she does

not know the said M. H. Stevenson, plaintiff, in whose favor the alleged note is drawn, and that she never was, nor is she now, indebted to him in the sum of $466.23, or any other amount whatever; that she never authorized her attorney, J. H. Porte aforesaid, to borrow money for her or on her account, and that she paid him in full for his services, as her attorney."

The answer to the petition and the testimony taken establish the fact that the note is signed by the defendant; that J. H. Porte, her attorney in the proceeding referred to in her petition, applied to Stevenson, the plaintiff, for a loan for the defendant; that, after the preliminary arrangments were made, he came with the note in question signed by the defendant and drawn to the order of the plaintiff, and that, accompanying the note, was an assignment of a portion of a judgment obtained by the defendant against her husband's estate, which is also admittedly signed by the defendant and which was to be held by the plaintiff as collateral security for the note in question.

That the plaintiff advanced the money upon the note and the assignment which accompanied it as collateral security is not seriously questioned. The allegation that Porte did not pay the money directly over to his client is not contradicted. Whether or not he used it in the payment of legitimate costs and expenses connected with the litigation against her husband's estate in which the defendant was engaged, in which Porte was her attorney, does not affirmatively appear.

No opinion was filed by the court, and we are left to conjecture as to the reasons which influenced it in the discharge of the rule. There is no evidence whatever of any fraud on the part of the plaintiff, or of any collusion between him and Porte, the defendant's attorney. The money seems to have been advanced in good faith and the manner in which it was done appears by the testimony.

The allegation of the defendant, and the legal ground on which the application for the opening of the judgment was based, is that an attorney at law is not, as such, the authorized agent of his client to borrow and receive money for, or on account of, the latter, and that, inasmuch as the plaintiff did not make specific inquiry as to the agency of the attorney, the defendant is not in law bound to pay the amount of her note and the

interest thereon, although regular on its face and payable to the order of the plaintiff.

Without stopping to discuss the abstract question involved, it may be worthy of consideration whether the court below could not have found from the evidence that, under all the circumstances of the case, considering the fact of the litigation in which the defendant was engaged and in which Porte was her attorney of record, considering the negotiations for a loan in which Porte represented her, and considering, further, the fact that, after those negotiations, he came with a note drawn to the order of the plaintiff, and, accompanying it, had an assignment of a portion of the claim of the wife against her husband's estate, as collateral security therefor, the plaintiff did not have a legal right to infer that Porte was acting as her agent in the premises and that his acts, as such, were legally binding upon her. Whether the court did so find or not we are, of course, unable to say, nor are we prepared to say that such a finding would not have been legitimate under the circumstances: Pepper v. Cairns, 133 Pa. 114.

It appears by the evidence, that in November, 1898, an agreement was entered into by Wise & Minor, attorneys for the defendant, William L. Monroe, attorney for Henry Henning, a judgment creditor of the estate of the defendant's husband, and the plaintiff, with J. H. Wise, in and by which it was agreed that the latter should become the purchaser of the property of Louis Henning, about to be sold upon a writ of venditioni exponas, issued upon the judgment of the defendant against her husband's estate, in which, among other things, it is recited, " Whereas three hundred dollars of said judgment has been assigned to M. H. Stevenson, which is first payable out of the proceeds of said sale," and it was also " agreed to pay the three hundred dollars assigned to M. H. Stevenson, with interest from November 5, 1897, until fully paid."

It is true that the defendant has no recollection of the transaction recited in this agreement and denies knowledge of the sale therein provided for, but she does not deny that Wise & Minor represented her at one time. They are reputable attorneys of the Allegheny county bar. It may be that the improbability of such attorneys representing the defendant without her knowledge and entering into an agreement as important

as this, without informing her of its contents or purport, influenced the court below more than the general and indefinite denials of the defendant. If she had knowledge of the agreement in regard to the sale, she must have known of the claim of the plaintiff, and, if it was not a valid claim, that was the time for her to speak. To what extent the mind of the court may have been influenced by this consideration we, of course, cannot say, but it is a very significant circumstance in the case.

There is another feature of the case which seems to us to be conclusive of it. The defendant admits the signing of the note upon which the judgment was entered, and also the assignment of a portion of the judgment against her husband's estate which accompanied it. This admission, it is true, is coupled with the allegation that she did not know what she was signing when the papers were executed, but, when the rights of other people were involved, it was her duty to know. If she negligently or ignorantly placed in the hands of her attorney the means through which he secured from the plaintiff the amount represented in this judgment, she, although innocent of wrong, must bear the responsibility rather than an innocent party who acted in good faith, relying upon the plain and unmistakable contents of the instruments which she had supplied. Admitting that neither of the parties directly concerned is guilty of conscious wrong, as was said in Penna. Railroad Co.'s Appeal, 86 Pa. 80 : " The equities of the respective parties are not equal. Where one of two parties, who are equally innocent of actual fraud, must lose, it is the suggestion of common sense, as well as equity, that the one whose misplaced confidence in an agent or attorney has been the cause of the loss shall not throw it on the other." See also Burton's Appeal, 93 Pa. 214 ; Shattuck v. American Cement Co., 205 Pa. 197.

Looking at the case from any point of view, therefore, we cannot convict the court of an abuse of discretion in discharging the rule to show cause why the judgment should not be opened.

The decree is, therefore, affirmed, and the appeal dismissed, at the costs of the appellant.